SMITH, Circuit Judge,
concurring.
I concur in the per curiam opinion based on circuit precedent. However, I write separately to indicate that for the reasons discussed in my dissenting opinion in Ba-drawi, I would find that the Minnesota Court of Appeals’s decision in Ruiz v. 1st Fidelity Loan Servicing, LLC, No. A11-1081, 2012 WL 762313-(Minn.Ct.App. Mar. 12, 2012), is the best evidence of Minnesota law. Badrawi, 718 F.3d at 760-61 (Smith, J., dissenting). In Ruiz, the Minnesota Court of Appeals held that a “foreclosure by advertisement is void [if it] fail[s] to strictly comply with section[ ] ... 580.032.” 2012 WL 762313, at *5.
My conclusion that “Ruiz is our best indicator of what the Minnesota Supreme Court would do if it had chosen to address § 580.032,” Badrawi, 718 F.3d at 761 (Smith, J., dissenting), is buttressed by the Minnesota Court of Appeals’s post-Sa- *344 drawi decision in Woelfel v. U.S. Bank, National Ass’n, No. A13-2052, 2014 WL 3558141 (Minn.Ct.App. July 21, 2014). In that case, the Minnesota Court of Appeals once again concluded that “[t]he plain language of Minn.Stat. § 580.032, subd. 3, unambiguously requires that the pendency of the notice of foreclosure must be recorded within a specified time period” and found that the Minnesota Supreme Court’s “recent opinions on chapter 580 indicate that a failure to strictly comply with any statute in chapter 580 causes a foreclosure to be void.” Id. at *3 (quotation and citation omitted).
Therefore, I would reverse the judgment of the district court if the question presented were open in this circuit.